UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re COMVERSE TECHNOLOGY, INC.
Derivative Litigation.                                    06-CV-1849 (NGG) (RER)
-----------------------------------------------------------X

# **MEMORANDUM & ORDER**

**RAMON E. REYES, JR., United States Magistrate Judge:**

Before the Court is nominal defendant Comverse Technology, Inc.'s ("Comverse") motion to stay this consolidated shareholder derivative action during the pendency of a similar shareholder derivative action in New York State Supreme Court. Comverse argues that the simultaneous prosecution of this and the state court action will result in "the duplication of judicial resources, cause Comverse (and others) to incur increased litigation expenses, and run the risk of the state and federal courts reaching inconsistent rulings." Mem. of Law in Support of Comverse Tech., Inc.'s Mot. to Stay ("Comverse Mem."), at 2. Comverse argues further that the abstention doctrine enunciated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) warrants that the case be stayed in favor of the state proceedings. Plaintiffs oppose the motion, and argue that the federal and state proceedings are not "parallel" within the meaning of the *Colorado River* doctrine, and even if they were, the *Colorado River* factors weigh heavily in favor of the retention of jurisdiction in this Court. *See* Mem. of Law in Opp'n Comverse Tech., Inc.'s Mot. to Stay ("Pls' Oppn."), at 1. For the reasons which follow, Comverse's motion for a stay is denied.

BACKGROUND

The Court assumes the readers familiarity with the underlying facts of this case. Briefly, however, this action arises from the named defendants' alleged scheme to cause Comverse to issue unlawfully backdated stock options to senior Comverse executives and other employees. It is alleged that the improper stock options resulted in a windfall to the executives and employees, at the direct expense of Comverse. Plaintiffs allege that defendants breached their various duties as officers and directors, violated state common law, and in addition violated Sections 10(b) and 14(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b) and 78n(a), and rules 10b-5 and 14a-9 promulgated thereunder. *See* Consolidated, Amended and Verified Shareholder Derivative Complaint, dated October 6, 2006, at 155-164.

DISCUSSION

A. The *Colorado River* Abstention Doctrine

In *Colorado River*, the United States Supreme Court held that a federal court may decline to exercise jurisdiction over an action in favor of a parallel state proceeding where doing so would serve the interests of "wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." *Colorado River,* 424 U.S. at 817. At the same time, however, the Court recognized that "[a]bstention . . . is the exception, not the rule", and can be justified "only in exceptional circumstances." *Id.* at 813. Subsequently, the Supreme Court noted that although the conservation of judicial resources may constitute a justification for abstention, "the balance is weighted in favor of the exercise of jurisdiction" by the federal courts, and not in favor of abstention. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

Noting that a district court's discretion to abstain must be exercised within the "narrow and specific limits" prescribed by the particular abstention doctrine involved, the Second Circuit has enumerated six factors that courts must weigh in deciding whether to abstain under *Colorado River* and its progeny: (1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. *See Village of Westfield, N.Y. v. Welch's*, 170 F.3d 116, 120-21 (2d Cir. 1999) (citing *Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996)). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Moses H. Cone*, 460 U.S. at 15-16. But again, "the balance [is] heavily weighted in favor of the exercise of jurisdiction," *id.* at 16, and therefore, "the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it," *Woodford v. Comty. Action Agency*, 239 F.3d 517, 522 (2d Cir. 2001).

B.  The Federal and State Actions Are Not "Parallel"

The threshold inquiry in determining whether a federal court should defer to a state court under the *Colorado River* doctrine is whether the cases are "parallel." *Dittmer v. County of Suffolk*, 146 F.3d 113, 118 ("a finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*."); *Levy v. Lewis*, 635 F.2d 960, 967 (2d Cir. 1980) ("[I]t is clear . . . that abstention for purposes of judicial economy under *Colorado River* applies only where concurrent federal-state jurisdiction exists."). Cases are parallel if

3

substantially the same parties are contemporaneously litigating the same issues in different forums. *E.g., Nat'l Union Firs Ins. Co. v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997) ("Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issue and relief sought are the same"); *Woodford*, 239 F.3d at 521. Perfect symmetry of parties and issues is not required. *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004). Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case. *Id.*; *Sanitec Industries, Inc. v. Sanitec Worldwide, Ltd.,* 376 F. Supp. 2d 575, 578 (D. Del. 2005) ("Parallelism turns on whether the state litigation will dispose of all of the claims raised in the federal case."); 17A *Moore's Federal Practice,* § 122.06[1] (Matthew Bender 3d ed.) ("The critical determination is whether the non-federal litigation will dispose of all claims raised in the federal court action."). Any doubt regarding the parallel nature of a federal and state action should be resolved in favor of the exercise of federal jurisdiction. *See AAR Int'l, Inc. v. Nimelias Enter. S.A.,* 250 F.3d 510, 520 (7th Cir. 2001). Here, the federal and state cases are not parallel for at least one important reason.[1]

Contrary to Comverse's argument, and as plaintiff correctly notes, "the federal action [here] differs significant from the state action." Unlike in the state derivative action, plaintiffs here claim that, among other things, defendants violated sections 10(b) and 14(a) of the

---

[1] Another reason for finding that the federal and state actions not parallel is that not all plaintiffs and defendants in the federal action, including Louisiana Municipal Police Employees' Retirement System ("LMPERS"), are plaintiffs and defendants in the state action. *Dittmer*, 146 F.3d at 118 (holding abstention inappropriate under *Colorado River* where, *inter alia*, "none of the plaintiffs in the present action are parties to the state case. . ."). The Court need not reach that issue, however, in light of the fact that the substantive claims raised in the federal case are clearly not parallel to those raised in the state case.

4

Securities Exchange Act, and rules 10b-5 and 14a-9 promulgated thereunder. It is axiomatic that federal courts have exclusive jurisdiction over these claims. *E.g.,* 15 U.S.C. § 78aa ("The district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules and regulations promulgated thereunder, and of all suits . . . brought to enforce any liability or duty created by this chapter and the rules and regulations promulgated thereunder . . ."); *Finkielstain v. Seidel*, 857 F.2d 893, 896 (2d Cir. 1988). Moreover, given the exclusive jurisdiction of the federal courts over Exchange Act claims, courts confronted with *Colorado River* abstention requests in cases involving such claims have routinely denied those requests. *See, e.g., Finkielstain,* 857 F.2d 893, 896 (2d Cir. 1988) (finding abstention of action involving Exchange Act claims "not appropriate"); *SST Global Technology, LLC v. Chapman,* 270 F. Supp. 2d 444, 463-64 (S.D.N.Y. 2003) ("Numerous cases have held that, because federal jurisdiction over securities claims is exclusive, abstention with regard to an action involving federal securities claims is inappropriate, including in the specific instance where a claim under § 10(b) is made."); *Lawrence v. Cohn*, 932 F. Supp. 564, 575 (S.D.N.Y. 1996) (refusing to abstain from considering § 10(b) claims); *Fields v. Allied Capital Corp.,* No. 89 Civ. 5679, 1990 WL 128908, at * 2 (S.D.N.Y. Aug. 28, 1990) (because "Federal courts have exclusive jurisdiction over [Exchange Act] claims . . . *Colorado River* abstention is therefore inappropriate"); 17A *Moore's Federal Practice,* § 122.06[5][b]; Erwin Chemerinsky, *Federal Jurisdiction,* § 14.3 at 831-33 (3d ed. 1999); *accord Andrea Theatres, Inc. v. Theatre Confections*, Inc., 787 F.2d 59, 62 (2d Cir.1986) ("[A]bstention is clearly improper when a federal suit alleges claims within the exclusive jurisdiction of the federal courts."). Thus, because the cases here are not "parallel," the Court does not have the authority to abstain. *E.g.*, *Levy*, 635 F.2d at 967 ("Where exclusive

5

jurisdiction exists, only the federal courts can provide affirmative relief. Thus federal courts *must* hear claims within their exclusive jurisdiction, for otherwise the right alleged would never be fully adjudicated.") (emphasis added). Therefore, the Court need not balance the *Colorado River* factors. *See Kingsway Financial Servs., Inc. v. PricewaterhouseCoopers, LLP*, 420 F. Supp. 2d 228, 236 (S.D.N.Y. 2005) (citing *TruServ Corp. v. Flegles, Inc.,* 419 F.3d 584, 593 (7th Cir. 2005) and *Cerelli v. Cooper,* No. Civ. A. 03-3241, 2004 WL 90068, at *2-3 (E.D. Pa. Jan. 15, 2004)); *Kamerman v. Steinberg*, 681 F. Supp. 206, 213 (S.D.N.Y. 1988) ("In the present case, the federal court has *exclusive* jurisdiction of the securities claims presented in the federal suits, 15 U.S.C. § 78aa, so this balancing of [*Colorado River*] considerations is wholly unnecessary.").

In this regard, Comverse's reliance on *Clark v. Lacy*, 376 F.3d 682 (7th Cir. 2004), *Ash v. Alexander*, No. 99 Civ. 3820 (JSR), 2000 WL 20704 (S.D.N.Y. Jan. 12, 2000), and *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 815 F. Supp. 127 (S.D.N.Y. 1993) is misplaced. Comverse Mem. at 3-6. Those cases did not involve substantive claims over which the federal courts have exclusive jurisdiction. Rather, each involved federal cases in which purely state law claims were raised, or claims over which federal and state courts have concurrent jurisdiction. *Clark*, 376 F.3d at 686 ("[N]o meaningful distinction can be made between the Clark [federal] and Brewster [state] lawsuits."); *Ash*, 2000 WL 20704, at * 3 ("the amended complaint limits its claim solely to a claim of breach of fiduciary duty under New York law."); *Weinstock*, 815 F. Supp. at 130 (noting plaintiffs' federal lawsuit under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*); *see also Tafflin v. Levitt*, 493 U.S. 455, 458 (1990)

(holding that federal and state courts have concurrent jurisdiction over RICO claims). Accordingly, these cases are inapposite.

Also misplaced is Comverse's argument that "[t]he sudden inclusion of those federal claims . . . has no impact on the principal ground for deferring to the state court action because none of those claims – state or federal – can proceed unless, as a threshold matter, there is a judicial determination that plaintiffs' failure to make a pre-suit demand on Comverse[] . . . should be excused as futile." Reply Brief in Support of Comervse Tech., Inc.'s Mot. to Stay ("Comverse Reply"), at 1, 4-6. First, the federal claims in this action were not "suddenly included," let alone "as an afterthought in a transparent attempt to manufacture a basis for avoiding" the stay that Comverse proposes. *Id.* at 4. As Comverse well knows, the federal securities claims were raised in the complaints of at least two other prospective lead plaintiffs long before Comverse ever proposed its motion for a stay. It makes no meaningful difference that the lead counsel that was selected did not include such claims in their client's original complaint, especially in light of the fact that it was always contemplated that a consolidated amended complaint would be filed at a later date.

Second, while it is true that New York State law on demand futility must be applied to the federal securities claims, *e.g., Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 111 (1991), that does not require abstention under *Colorado River*. If the federal and state cases are not parallel, and here they are not, *Colorado River* abstention does not apply, whether or not issues of state law must be decided by the federal court. Moreover, the practical effect of Comverse's argument is to abdicate to the state court the decision on whether plaintiffs' federal securities claims should proceed in the first instance, thereby largely divesting the Court of

7

jurisdiction over claims which Congress intended to reside exclusively in the federal courts. Such a practice would not only be directly contrary to Congress's intent, but would be wholly incompatible with our system of federalism. *See* 17A Moore's Federal Practice, § 122.06[5][b], n. 53 ("Federal abstention in deference to state proceeding is inappropriate if state's preclusion law would bar subsequent federal adjudication of exclusively federal issue.") (citing *Will v. Calvert Fire Ins. Co.*, 437 .S. 655, 670 (1978) (Brennan, J., dissenting) (state court decisions should not have preclusive effect over matters within exclusive federal court jurisdiction)).[2]

While Comverse argues that it is not aware that any "court has ever denied a *Colorado River* stay of a derivative proceeding [where demand futility was at issue] based on the mere presence of federal claims, and Plaintiff cites none," Comverse Reply at 6, neither has Comverse come forward with even a single case where such a stay was granted. The three cases upon which Comverse relies in its moving papers, *Clark*, *Ash* and *Weinstock*, are inapposite in this regard. As Comverse bears the burden on this issue, its failure to cite to binding authority in support of its position warrants denial of its request.[3]

---

[2] For this reason the Court rejects Comverse's argument that plaintiffs' rights under the Exchange Act can be protected even with a stay because the Court can simply reactivate the case should the state court resolve the demand futility issue in plaintiffs' favor. Comverse Reply at 6. Of course, Comverse's argument does not address the issue of what happens if the state court decides the demand futility issue in defendants' favor. In any event, the Court cannot refuse to exercise its jurisdiction in this situation. *See Moses H. Cone*, 460 U.S. at 28 ("a stay is as much a refusal to exercise federal jurisdiction as a dismissal. . . Thus, the decision to invoke *Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case*, whether it stays or dismisses.") (emphasis added).

[3] Finally, the Court rejects Comverse's argument in reply that lead counsel took an inconsistent position in the state court action while representing LMPERS's "sister fund." Comverse's Reply at 2-4. Arguments raised for the first time in a reply brief are properly ignored. *See, e.g., Sigmon v. Parker Chapin Flattau & Klimpl,* 901 F. Supp. 667, 677 (S.D.N.Y. 1995) (Leisure, J.) ("Arguments may not be made for the first time in a reply brief." (citing

C.  The *Colorado River* Factors Warrant Denial of Stay

Even were the federal and state cases parallel, abstention would be inappropriate as the vast majority of the *Colorado River* factors weight heavily in favor of the exercise of federal jurisdiction.

Neither court has assumed jurisdiction over any res or property, thus weighing in favor of the exercise of federal jurisdiction. *See Village of Westfield*, 170 F.3d at 122 ("The absence of a res point[s] toward exercise of federal jurisdiction."); *Woodford*, 239 F.3d at 522 (same); *Steinberg v. Nationwide Mut. Ins. Co.*, 418 F. Supp. 2d 215, 224 (E.D.N.Y. 2006) (same).

As both this and the state actions are pending in the State of New York, indeed, the courthouses are only a few miles apart, the federal forum is not inconvenient. *Village of Westfield*, 170 F.3d at 122 ("[W]here the federal court is just as convenient as the state court, that factor favors retention of the case in federal court.") (internal quotations omitted). Further, there are several other civil and criminal cases involving the same subject matter pending in this Court against the defendants, including a consolidated private securities litigation, and defendants and Comverse are therefore no strangers to this courthouse. While Comverse is correct that litigating the same matter in two forums is necessarily less convenient than litigating in one, that is not what was envisioned by the Supreme Court in *Colorado River* in terms of "inconvenience of the federal forum." In listing this as one of the factors a court may consider in determining whether to abstain, the Supreme Court cited *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), in which it affirmed on *forum non conveniens* grounds the dismissal of a lawsuit brought by a Virginia

---

*United States v. Gigante,* 39 F.3d 42, 50 n. 2 (2d Cir. 1994); *NLRB v. Star Color Plate Serv., Div. of Einhorn Enters., Inc.,* 843 F.2d 1507, 1510 n. 3 (2d Cir. 1988))).

9

resident against a Pennsylvania company in federal court in New York. *Id.* at 510-512. Clearly, inconvenience should be measured under *Colorado River* in terms of *forum non conveniens* factors, and not merely in terms of concurrent litigation in federal and state court in the same state. *See, e.g., Kamerman*, 681 F. Supp. at 213 (applying traditional *forum non conveinens* factors to determination of whether federal forum was inconvenient under *Colorado River*). There being no *forum non conveniens* argument made herein, this factor weighs in favor of the retention of jurisdiction.

Avoidance of piecemeal litigation is perhaps the only *Colorado River* factor that weighs in favor of abstention. That is not enough, however, to warrant abstention in light of the fact that all other factors weigh heavily in favor of the retention of jurisdiction. In addition, as plaintiffs correctly note, the potential for piecemeal litigation is always present in potentially parallel litigations, and the courts must look beyond this factor to ascertain whether abstention is appropriate.

I agree with plaintiffs that the order in which jurisdiction was obtained is inconsequential as the first of the complaints filed in state court were filed a mere few days earlier than the first complaints filed with this Court. *Macy's East, Inc. v. The Emergency Envtl. Servs., Inc.*, 925 F. Supp. 191, 193 (S.D.N.Y. 1996) ("the fact that the parallel state court action was filed a few days earlier than the federal action is of little consequence. . ."). Moreover, both the state and federal actions are in virtually the same procedural posture -- the cases have been consolidated, lead counsel have been appointed, and consolidated amended complaints have been filed. *Moses H. Cone,* 460 U.S. at 21-22 ("priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."); *Andrea*

*Theatres, Inc.*, 787 F.2d at 64 ("In view of the limited progress of the state court suit to date, the fact that the state action was commenced before the federal suit carries little weight."). Further, in this Court there is already a partial schedule in place for the filing of the proposed motion to dismiss. It is more likely that the action in this Court will proceed more rapidly than the action in state court, thus warranting the retention of jurisdiction here.

While Comverse is correct that state law will supply the rules of decision on some of plaintiffs' claims, its reliance on this factor is vastly overstated. Not only has Comverse failed to demonstrate how or why the state law issues are complex, unique, or unsettled, but there should be no question that federal courts are competent to decide them. Putting aside the fact that federal law will supply the rules of decision for plaintiffs' Exchange Act claims, a factor weighing heavily in favor of denial of a stay, even if this case were based solely on diversity, and there were no federal claims, that would not, in and of itself, warrant abstention:

> The fact that there are no issues of federal law in the present case . . . does not, by way of inverse reasoning, demand the conclusion that abstention is appropriate. . . . [T]here is no indication that the state-law issues raised in this case are particularly complex or unsettled; thus, there is no reason to question the relative competence of the federal court to adjudicate those issues. Indeed, the very existence of diversity jurisdiction rests on a presumption that federal courts are competent to decide questions of state law.

*Cottman Transmission Systems v. Lehwald, Inc.*, 774 F. Supp. 919, 923 (E.D. Pa. 1991); *see also Village of Westfield*, 170 F.3d at 124 ("although the presence of federal issues strongly advises exercising federal jurisdiction, the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex.").

Perhaps the strongest factor weighing in favor of the retention of jurisdiction is that the state court proceeding will not adequately protect the plaintiffs' rights. As discussed above, this

Court has exclusive jurisdiction over plaintiffs' Exchange Act claims, and those claims cannot be adjudicated in state court. Further, it would be wholly inappropriate to permit the state court to decide the issue of demand futility, thereby possibly precluding the relief plaintiffs seek herein. In such a situation it would be a serious abuse of discretion to grant a stay. *Moses H. Cone*, 460 U.S. at 28 ("If there is any substantial doubt as to [whether parallel state court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties,] it would be a serious abuse of discretion to grant the stay . . . at all.").

Accordingly, even after weighing the *Colorado River* factors, it is abundantly clear that a stay is not warranted.

## Conclusion

Comverse's motion to stay this consolidated derivative action is denied. Further, defendants shall move or otherwise respond to the amended complaint by December 8, 2006.

Dated: Brooklyn, New York
November 3, 2006

/s/
RAMON E. REYES, JR.
United States Magistrate Judge